UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————————x

SECURED WORLDWIDE, LLC,

       Plaintiff-Counterclaim Defendant,

    -against-

CORMAC L. KINNEY,

       Defendant-Counterclaim Plaintiff.

———————————————————————————x

CORMAC L. KINNEY,

       Third Party Plaintiff,

    -against-

ARTHUR JOSEPH LIPTON, MARK
LIEBERMAN, and JAY C. PLOURDE,

       Third Party Defendants.

———————————————————————————x

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: |
| DATE FILED: 7/14/2015 |

No. 15 Civ. 1761 (CM)

## MEMORANDUM DECISION AND ORDER GRANTING THIRD PARTY DEFENDANTS' MOTION TO DISMISS

McMahon, J.:

Plaintiff-Counterclaim Defendant Secured Worldwide, LLC ("Secured") filed a lawsuit against *pro se* Defendant-Counterclaim Plaintiff Cormac L. Kinney ("Kinney"), a member and former employee of Secured, alleging copyright infringement, trademark infringement, patent infringement, unfair competition, breach of contract, breach of fiduciary duty, and misuse of trade secrets. Kinney has filed counterclaims against Secured, as well as a third party complaint against individual defendants Arthur Joseph Lipton ("Lipton"), Mark Lieberman ("Lieberman"), and Jay C. Plourde ("Plourde").

1

Before the court is a motion by Plourde and Lieberman to dismiss the only claim pleaded as against them in the Second Amended Complaint – a different claim for fraud against each Third Party Defendant. For the reasons stated below, the motion is **GRANTED** and Kinney's third-party complaint is **DISMISSED WITH PREJUDICE** as against Plourde and Lieberman.[1]

## BACKGROUND

The facts underlying this case were laid out in the court's opinion granting Secured's motion for a preliminary injunction. *See Secured Worldwide LLC v. Kinney*, No. 15 CIV. 1761 CM, 2015 WL 1514738 (S.D.N.Y. Apr. 1, 2015). I assume the reader is familiar with that opinion, and I therefore elaborate only those allegations necessary to decide this motion.

The villain of the piece, according to Kinney, is Third Party Defendant Lipton, and most of his Third Party Complaint is an attack on Lipton. The pleading asserts very little against Plourde or Lieberman, who, along with Lipton and Kinney, were "members" of Secured Worldwide. And while Kinney asserts that each of them is liable to him in fraud, there is no commonality to his allegations against the two men.

The claim for fraud against Plourde concerns a patent application for SWW's "vault" product. *Id.* Findings of Fact 65-72. The application as filed lists Kinney, Lipton, and Plourde as co-inventors. However, when Lipton introduced Kinney to Max Moskowitz ("Moskowitz"), Secured's IP counsel, (Compl. ¶ 47), Kinney allegedly told Moskowitz that he alone had invented the invention for which Moskowitz would file a patent application. (Compl. ¶ 47.)  Nonetheless, in February 2014 – just days after Kinney executed a membership agreement with Secured, on January 30, 2014 (Compl. ¶ 48.) – Moskowitz delivered to Kinney a draft patent application listing Kinney, Lipton, and Plourde as co-inventors. (Compl. ¶ 51.) Kinney alleges that he discussed the

---

[1] An earlier version of this motion to dismiss, filed at Docket #30, sought dismissal of Kinney's First Amended Complaint. It is **DENIED AS MOOT**.

issue of co-inventorship with Moskowitz and Lipton; Lipton claimed that listing Plourde on the patent application would help raise capital in China, where Plourde had extensive contacts. (Compl. ¶ 52.) Kinney objected to listing Plourde as a co-inventor, because he felt Plourde had contributed nothing to the invention. Despite his protestations, Kinney ultimately signed the patent application, and later assigned his rights in the patent application to Secured.

Kinney states that, in February 2015, he protested to Moskowitz that he had been "deceived" into signing the patent application, as well as the agreement assigning his rights in the patent application (and in any ensuing patent) to Secured. (Compl. ¶ 53.) Moskowitz allegedly responded that "business concepts are not patentable," which according to Kinney, would preclude Plourde from being listed as a co-inventor on the patent application.[2] The reader will appreciate that the pleaded response does not relate to the statement Kinney allegedly made to Moskowitz.

The third party complaint concludes by alleging that Ploude "executed [a] false document[]," when he signed the patent application (Compl. ¶ 120), and thereby "committed fraud upon investors." (Compl. ¶ 131).

The fraud claim against Lieberman concerns a different agreement, the amended Secured LLC agreement. According to Kinney, on July 16, 2014, he reviewed a draft of the amended Secured LLC agreement and emailed Alan Zoccolillo ("Zoccolillo"), Secured's attorney. (Compl. ¶ 64.) The email purportedly expressed Kinney's concerns about "serious flaw[s]" and "drafting mistake[s]" that favored Lipton at Kinney's expense. (Compl. ¶ 64.) Kinney then asked Zoccolillo

---

[2] Although not relevant on a motion to dismiss for which I must presume the allegations in the complaint to be true, Moskowitz flatly denies making this statement to Kinney. (*See* 3/26/15 Hearing Tr. at 110:17-24.)

whom he was representing, to which Zoccolillo responded "The Company." (Compl. ¶ 64.)[3] Zoccolillo also purportedly told Kinney that the provisions to which he objected – notably a provision that deemed a member's shares forfeit if the member failed to make his capital contribution – were added to an earlier draft at the behest of Lieberman and Lipton. (Compl. ¶ 64, 130.)

Notwithstanding his perception that certain provisions favored other members of the LLC, Kinney alleges that he relied on Zoccolillo's statement that he was representing "The Company" as an assurance that Zoccolillo was protecting the rights *of each member of the company*. Kinney asserts that Lieberman defrauded him by inducing Zoccolillo to tell Kinney that the lawyer was representing "The Company," which was a misrepresentation of fact because Zoccolillo was not representing Kinney. As a result, Kinney Kinney alleges that he relied on Zoccolillo's misrepresentation (which Lieberman allegedly procured) to his detriment, by not hiring his own lawyer to review the revised agreement before he ratified it on August 5, 2014. (Compl. ¶¶ 64, 69.) As I understand it, Kinney alleges that Lipton's ability to declare his [Kinney's] shares forfeit for failure to make his capital contribution (which Kinney has never made) deprived him of "any meaningful compensation." Since the purported reliance involves not hiring a lawyer, I gather Kinney is asserting that his own lawyer would have recognized that the forfeiture provision was not in Kinney's interest, and that Kinney would not have signed the Amended and Restated LLC Agreement if a lawyer had pointed this out to him.

---

[3] In the decision granting Secured's motion for a preliminary injunction against Kinney, the court found, after a hearing, as follows: "After being presented with a draft of the restated LLC agreement Kinney asked Alan Zoccolillo, the attorney who drafted the revised agreement, who he was representing. Zoccolillo responded that he represented the interests of 'The Company in connection with the Series B Investment.'" *Secured Worldwide LLC*, 2015 WL 1514738, Finding of Fact 35.

**DISCUSSION**

**I.     Kinney's Claims for Fraud Against Plourde and Lieberman Are Dismissed**

"To establish a prima facie case of actual fraud, a plaintiff must present proof that (1) the defendant made material representations that were false, (2) the defendant knew the representations were false and made them with the intent to deceive the plaintiff, (3) the plaintiff justifiably relied on the defendant's representations, and (4) the plaintiff was injured as a result of the defendant's representations." *Cohen v. Houseconnect Realty Corp.*, 289 A.D.2d 277, 278 (2d Dep't 2001). Even "a knowingly false representation cannot support a claim for fraud unless made with the intent to be communicated to persons who relied upon it to their detriment." *Baker v. R.T. Vanderbilt Co. Inc.*, 260 A.D.2d 750, 753 (3d Dep't 1999).

With respect to Plourde, Kinney has not pleaded and cannot plausibly allege that he relied on any misrepresentation made to him by Plourde. The essence of a fraud claim is that the party who made the misrepresentation intended for the plaintiff to rely on the misstatement, and that the deceived plaintiff did so rely. But Kinney was not deceived by the listing of Plourde as a co-inventor. He asserted all along, from before either of them ever signed the application, that Plourde was not involved in inventing the vault that was the subject of the patent application. Indeed, Kinney does not claim to have been the victim of any fraud by Plourde; rather, he pleads that Plourde "committed fraud upon [unspecified] investors," not on himself. Arguably Plourde was perpetrating a fraud on the patent office by signing an application listing himself as the inventor of someone else's invention – but if so, Kinney himself is guilty of the same fraud, since he signed the application after Plourde did and with full knowledge that Plourde was listed as an inventor on the application.

Additionally, reliance must be reasonable, and aside from the undoubted (and well-pleaded) fact that Kinney did not rely on Plourde's assertion of co-inventorship, he *could not*

*reasonably have relied* on it, because Kinney himself knew perfectly well who had invented the vault. Kinney cannot have it both ways. He cannot at one and the same time say "I invented the vault" and assert that, "I relied on Plourde's statement that he invented the vault." That makes absolutely no sense. Kinney's claim to sole ownership of the technology that underlies the patent application, which he asserts in this very lawsuit, precludes reasonable reliance on anyone else's representation that he [i.e., anyone else] was an inventor.

Kinney's fraud claim is equally deficient with respect to Lieberman. Kinney claims that Lieberman induced Zoccolillo to make changes to the LLC agreement. (Compl. ¶ 64.) But the terms of the LLC agreement are not misrepresentations. They are simply contract terms. They are not confusing and are written in plain English. There is no allegation that the contract itself contains any misrepresentation in its text.

Kinney asserts that Zoccolillo misrepresented for whom he worked, by claiming to represent the company, when he in fact represented Lipton. (Compl. ¶ 64.) That might or might not be a misrepresentation, but there is no claim that the misrepresentation was made by Lieberman, who is the defendant. Kinney has not sued Zoccolillo, and he does not allege that Zoccolillo was induced to misrepresent who his clients were.

Finally, if Kinney really interpreted Zoccolillo's statement that he represented "the company" as an assurance that Zoccolillo was representing him personally, his reliance was not reasonable. It is well settled that a lawyer representing a corporation does not represent its individual members, officers or directors unless there exists an explicit agreement to the contrary. *Protostorm, LLC v. Antonelli, Terry, Stout & Kraus*, LLP, 834 F. Supp. 2d 141, 154 (E.D.N.Y. 2011); *Campbell v. McKeon*, 75 A.D.3d 479, 480-81 (1st Dep't 2010). Thus, Kinney's reliance was not reasonable as a matter of law.

In sum, Kinney alleges not a single fact that would support a claim for fraud – whether for fraud in the inducement to sign either the patent application or the Amended and Restated LLC Agreement, or for fraud of any other sort. He fails to state a claim on which relief could be granted as against either Ploude or Lieberman. The Third Party Complaint is dismissed as against them.

## II.    Leave to Replead Is Denied

"When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999) In particular, a court "should not dismiss a *pro se* complaint without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Freeman v. N.Y.C. Dep't of Correction*, No. 14-CV-4903 ARR RLM, 2015 WL 3862690, at *4 (E.D.N.Y. June 22, 2015) (quoting *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (internal quotation marks omitted)).

However, where the problem with a *pro se* plaintiff's "causes of action is substantive[ and] better pleading will not cure it[, r]epleading would thus be futile. Such a futile request to replead should be denied." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

Here, granting leave to replead would be futile. The problems with Kinney's fraud claims against Plourde and Lieberman are substantive. Kinney has not simply failed allege facts supporting each of the specific elements of what might amount to actionable fraud. Rather, the facts he does allege not only fail to suggest that he might have any plausible fraud claim against either defendant, but affirmatively negate such a possibility. The deficiencies in his complaint cannot be overcome by repleading.

For this reason, the Third Party Complaint is dismissed as against Ploude and Lieberman with prejudice.

**CONCLUSION**

For the foregoing reasons, Defendants Plourde's and Lieberman's motion to dismiss at Docket #62 is **GRANTED**. The earlier motion to dismiss at Docket #30 is **DENIED AS MOOT**. The clerk of the court is directed to remove Docket ## 30 and 62 from the Court's list of pending motions.

Dated: July 14, 2015

_____
U.S.D.J.

BY ECF TO ALL COUNSEL