USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8|14|17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SECURED WORLDWIDE, LLC,

Plaintiff/Counterclaim-Defendant,

- against -

CORMAC L. KINNEY,

Defendant/Counterclaim-Plaintiff.

CORMAC L. KINNEY,

Third-Party Plaintiff,

- against -

ARTHUR JOSEPH LIPTON,

Third-Party Defendant.

**REPORT AND RECOMMENDATION**

**15-CV-1761 (CM) (RLE)**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/31/17

**To the HONORABLE COLLEEN MCMAHON, CHIEF U.S.D.J.:**

## I. INTRODUCTION

Plaintiff/Counterclaim-Defendant Secured Worldwide LLC ("SWW") commenced this trademark and copyright infringement action against *pro se* Defendant/Counterclaim-Plaintiff Cormac L. Kinney ("Kinney") on March 10, 2015. (Doc. No. 1.) A trial was held, and on December 15, 2016, Judge McMahon entered a verdict in favor of Kinney. (Doc. No. 119.) On February 2, 2017, Kinney filed a motion for post-judgment Rule 37 sanctions against SWW, its counsel, and third-party Defendant Arthur Joseph Lipton ("Lipton"), for allegedly failing to identify a material witness and produce documentary evidence. (Doc. No. 149.) On February 6, 2017, Kinney filed another motion for Rule 37 sanctions against SWW for its alleged failure to comply with a full premises inspection. (Doc. No. 152.) On February 10, 2017, SWW filed its

8/31/2017 - No objections having been received and the date for filing having passed, the Court ADOPTS the Report and the Recommendation. Motion for sanctions is DENIED. Close the file in this case. Colleen McMahon

opposition to Kinney's motions. (Doc. Nos. 154-60.) Kinney filed his reply on February 14, 2017. (Doc. No. 161.) This case was referred to the undersigned on February 3, 2017, for a Report and Recommendation. (Doc. No. 150.) For the reasons that follow, I recommend that Kinney's motions for sanctions be **DENIED**.

## II. BACKGROUND

On March 10, 2015, SWW filed the Complaint against Kinney, alleging breach of contract, breach of fiduciary duty, unfair competition, and copyright, trademark, and patent infringement. (Doc No. 1.) Kinney filed an Answer and Counterclaim on March 23, 2015, alleging "he had been fraudulently induced [by Lipton] to enter into [the LLC Agreement and Amended and Restated LLC Agreement (collectively, "LLC Agreements"), and the patent assignment]" with SWW. (Doc. No. 119 at 13.) On April 1, 2015, SWW received a preliminary injunction against Kinney for "(1) his competition with the company; (2) his use of the company's trademarks, copyrighted software, and trade secrets; and (3) his interference with the company's website." (Doc. No. 119 at 13.)

The case was tried before a jury from November 28 to December 8, 2016. At that point, the Parties stipulated to all claims being decided by Judge McMahon. (Doc. No. 120.) Judge McMahon entered her findings of fact, conclusions of law, and verdict on December 15, 2016. (Doc. No. 119.) She found that Kinney worked for SWW as the Chief Technology Officer and as a partner from 2013 to March 5, 2015. (Doc. No. 119 at 4, 12.) Judge McMahon concluded that Kinney had been fraudulently induced into the contract with SWW because "Lipton caused Kinney to believe that [SWW] had a license from GemShares to manufacture and market the commercial product eventually known as "'Vult,'" and because they were entering into a partnership, "Lipton had a duty to disclose the lack of license to Kinney before [he] signed the

LLC Agreement[s] and the patent assignment." (Doc. No. 119 at 14-15.) Judge McMahon further concluded that Kinney's rescission from the contract was warranted after he discovered that no such patent agreement existed between SWW and GemShares. *Id.*

As to damages, Judge McMahon concluded that Kinney was not entitled to "his estimate of what the value of his interest in [SWW] would be today" because Kinney "elected rescission [of the LLC Agreement[s] and patent assignment] as his remedy of choice" and was not entitled to the "benefit of [that] bargain." (*Id.* at 15.) Instead, Kinney would be entitled to the value of his work "at the time the [LLC Agreements] were signed," or the $61,250 capital contribution Kinney never paid to SWW. (*Id.* at 2, 17.) Kinney's unjust enrichment award would be calculated as the amount of use SWW "may have made or be making of the intellectual property that [Kinney] brought to the company," in lieu of Kinney's capital contribution. *Id.* Judge McMahon concluded that because Kinney's "intellectual property had to be reworked by others in order to make it functional, [$61,250] seems [] to be an equitable estimate of the amount by which [SWW] was enriched by virtue of the contribution of Kinney's intellectual property." *Id.* Judge McMahon further explained that even if Kinney could recover "the value of his interest in the company," calculations to this effect were purely speculative without an expert to testify to "the current valuation of [SWW]." (*Id.* at 16.) She also concluded that because "Kinney agreed to accept $75,000 in back pay for the work he performed during the first 11-12 months at [SWW]," no additional award would be allocated to compensate for that work. (*Id.* at 17.)

On January 19, 2017, Kinney's motion for an extension of time to file notice of appeal was denied. (Doc. No. 140.) On January 24, 2017, Kinney filed a motion for discovery in aid of execution of judgment. (Doc. No. 144.) Judge McMahon granted Kinney's motion on January 25, 2017. (Doc. No. 147.) That same day, the Clerk of the Court issued a subpoena instructing

SWW to allow an inspection of its premises for the purpose of satisfying the judgment rendered at trial. (Doc. No. 155-3.)

On February 3, 2017, Kinney inspected SWW's premises, (Doc. No. 152.), and filed a motion for Rule 37 sanctions on February 6, 2017, alleging that SWW refused to fully comply with the subpoena. (Doc. No. 152 at 1.) Kinney stated that SWW refused access to a "glass walled office, comprising 25% of the office space" that "was blocked by tall cardboard signage." (Doc. No. 152 at 2.) On February 10, 2017, SWW filed its opposition, arguing that it did not interpret the subpoena's language to include that area of its premise ("the laboratory"). (Doc. Nos. 154, 155 at 7-8.) On February 14, 2017, Kinney replied that "Lipton is now attempting to either conceal diamonds, or more likely the fact that [SWW] continues to employ the same manufacturing process, equipment[,] and techniques that I developed, again contrary to his testimony." (Doc. No. 161 at 3.) On March 21, 2017, the judgment, including post-judgment interest, was satisfied. (Doc. No. 165.)

Prior to the premises motion, Kinney filed a motion seeking post-judgment Rule 37 sanctions against SWW, its counsel, and Lipton, alleging they did not produce a material witness and concealed documentary evidence during discovery and trial that would have shown that Kinney's intellectual property is still in use for SWW processes. (Doc. No. 149 at 1-2, 6.) Kinney suggests that this information would have altered the findings of fact, which "informed the conclusions of law and verdict" at trial. (*Id.* at 7.) Kinney asks the Court to "disregard the corporate form" and "pierce the corporate veil," in order to hold Lipton personally liable, and award punitive damages against Lipton for his conduct. (*Id.* at 8-13.) Kinney seeks to recover attorneys' fees and costs, revised findings of fact, and an adjustment to his unjust enrichment

award. (Doc. No. 149 at 13.) Additionally, Kinney mentions serving SWW with a Rule 11 sanctions motion, but has not filed such a motion with the Court.[1]

On February 10, 2017, SWW filed its opposition to Kinney's motion for post-judgment sanctions, arguing that (1) the witness is not someone SWW would have used in support of its claims or defenses and is someone who was easily discoverable, (Doc. Nos. 154 at 3-4, 155 at 3.), and (2) the documents were "merely cumulative" of what Kinney already received in discovery and "would not have changed the outcome of trial." (Doc. No. 154 at 7.) SWW also argues that Rule 60 is the only rule that could apply here, and even so, Kinney does not show a "valid basis for relief." (*Id.* at 1.) On February 14, 2017, Kinney filed his reply arguing that because Lipton received these newly discovered documents via email from Thaumaturgix, Inc. ("TGIX") "after the discovery demand, and well before any documents were delivered" to Kinney, the documents must have been "omitted intentionally." (Doc. No. 161 at 1.) Kinney also argues that prior to trial, his "only knowledge of TGIX was that they managed the website for [SWW]." (*Id.* at 2.)

## III. DISCUSSION

### A. Kinney's Motion for Rule 37 Sanctions Against SWW for its Refusal to Permit a Full Premises Inspection

#### 1. Applicable Law

"In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person--including the judgment debtor--as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). "[B]road post-judgment discovery in aid of execution is the norm in

[1] Even if a Rule 11 sanctions motion were filed, such sanctions would not be appropriate here because Kinney alleges discovery abuses governed by Rule 37.

federal and New York state courts[,]" and "[t]he scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment." *EM Ltd. v. Republic of Argentina*, 695 F.3d 201, 207 (2d Cir. 2012); *see also AmTrust N. Am., Inc. v. Preferred Contractors Ins. Co.*, No. 16-mc-0340 (CM), 2016 WL 6208288, slip op. at *2 (S.D.N.Y. Oct. 18, 2016). Further, "[i]t is not uncommon to seek asset discovery from third parties, including banks, that possess information pertaining to the judgment debtor's assets . . . Nor is it unusual for the judgment creditor to seek disclosure related to assets held outside the jurisdiction of the court where the discovery request is made." *EM Ltd.*, 695 F.3d at 207-08.

"A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if [] a party fails to … permit inspection." Fed. R. Civ. P. 37(a)(3)(B)(iv). If a court's order is not obeyed, a court "may issue further just orders" to remedy non-compliance. Fed. R. Civ. P. 37(b)(2)(A). "Strong sanctions [under Rule 37] should be imposed only for serious violations of discovery orders . . . when failure to comply with a court order is due to willfulness or bad faith, or is otherwise culpable." *Daval Steel Prods. V. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991).

**2. Application**

On January 25, 2017, SWW was subpoenaed to allow an inspection of its premises. (Doc. No. 155-3.) The purpose of the inspection was to assess the status of SWW's financial assets in order to satisfy the judgment rendered against it. (Doc. Nos. 147, 152 at 1.) The subpoena states:

> [SWW is] commanded to permit entry onto designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it, [and more specifically] [a]ll safes and vaults located in the SWW offices located at 50 W 47th Street NY, NY 10036.

(Doc. No. 155-3 at 1.)

The inspection took place on February 3, 2017, where an SWW employee guided Kinney around the SWW premises. (Doc. No. 152 at 2.) SWW, however, refused to allow Kinney to inspect its laboratory because (1) it did not interpret the subpoena's language to include the laboratory and (2) the laboratory "could have revealed to [Kinney] [SWW's] trade secrets." (Doc. No. 155 at 7-8.) Kinney filed a motion for Rule 37 sanctions on the grounds that SWW failed to comply with the subpoena to permit a premises inspection. (Doc. No. 152 at 1.)

SWW states that although "Kinney apparently intended that the subpoena be read more broadly, [] it is hard to argue that [SWW's] reading was so plainly wrong that sanctions are required[,]" and that SWW "would have objected" to a reading of the subpoena that would have included inspection of the laboratory. (Doc. Nos. 154 at 5, 155 at 8.) Further, SWW argues that "[a]lthough [Judge McMahon] denied [SWW's] request for a permanent injunction on trade secrets, she justified [denying the request] on the ground that [] Kinney had been gone from the company for such a length of time that the trade secrets to which he had had access were no longer relevant." (Doc. No. 155 at 8-9.) In making this argument, SWW suggests that there are items in the laboratory that now contain relevant trade secrets that Kinney could presently use to compete with SWW. *Id.* In his reply, Kinney argues that Lipton is attempting to conceal diamonds "or [] the fact that [SWW] continues to employ the same manufacturing process, equipment[,] and techniques that [Kinney] developed." (Doc. No. 161 at 3.)

The scope of post-judgment discovery can be limited by the district court. *EM Ltd.*, 695 F.3d at 207 (explaining "the district court has broad discretion to limit discovery in a prudential and proportionate way"). "[C]ourts in this Circuit have long had discretion to limit discovery

requests that are disproportionate to the needs of the case." *Robertson v. People Magazine*, 14-CIV-6759 (PAC), 2015 WL 9077111, at *2 (S.D.N.Y. 2015).

Judge McMahon's Order granting Kinney's motion for discovery in aid of execution of judgment, and the language of the subpoena, may have genuinely raised disputes as to whether or not the laboratory was to be inspected. The record does not demonstrate that SWW's interpretation was unreasonable or warrants sanctions, especially now that the judgment has been satisfied, including post-judgment interest. (Doc. No. 165.)

Therefore, I recommend that Kinney's motion for Rule 37 sanctions be **DENIED**.

## B. Kinney's Motion for Post-Judgment Rule 37 Sanctions for Withholding a Material Witness and Documentary Evidence

### 1. Applicable Law

Rule 37 provides for sanctions for discovery failures. Fed. R. Civ. P. 37. The failure to "provide information or identify a witness as required by Rule 26(a) or (e)" can result in sanctions. Fed. R. Civ. P. 37(c)(1)(C). However, Rule 26(a) only requires disclosure of witnesses that one party will "use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i). Rule 26(e) requires a party to supplement its responses to discovery requests when "the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e).

Under Rule 60(b) "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)" and "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(2)-(3). Further, "a motion under Rule 60(b) must be

made within a reasonable time … after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The burden of proof is on the party seeking relief from the judgment." *Apex Employee Wellness Servs., Inc. v. APS Healthcare Bethesda, Inc.*, No. 11 Civ. 9718 (ER), 2017 WL 456466, at *7 (S.D.N.Y. Feb. 1, 2017) (citing *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).

To prevail on any grounds under Rule 60(b), the moving party must show "(1) …'highly convincing evidence in support of the motion; (2) … good cause for failing to act sooner; and (3) … that granting the motion will not impose an undue hardship on any party." *Desarrolladora Farallon S. De R.L. De C.V. v. Cargill, Inc., et al.*, No. 15-CV-0532 (SAS), 2016 WL 1732754, slip op. at *4 (S.D.N.Y. Apr. 29, 2016).

A movant seeking relief under Rule 60(b)(2), based on newly discovered evidence, must show that:

> (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding; (2) the movant must have been justifiably ignorant of them despite due diligence; (3) the evidence must be admissible and of such importance that it probably would have changed the outcome; and (4) the evidence must not be merely cumulative or impeaching.

*Id.* at *5 (quoting *Becnel v. Deutsche Bank AG*, 838 F. Supp. 2d 168, 171 (S.D.N.Y. 2011)).

A movant seeking relief under Rule 60(b)(3), based on fraud, must present "clear and convincing evidence of material misrepresentations" and cannot use the motion "as an attempt to relitigate the merits." *Id.* at *4 (quoting *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)). Allegations of fraud are "limited to fraud which seriously affects the integrity of the normal process of adjudication and embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudicating cases."

*Desarrolladora*, 2016 WL 1732754, at *4 (quoting *Fleming v. New York Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)). Such fraud "include[s] bribery of a judge, jury tampering, or hiring an attorney for the sole purpose of influencing a judge." *Id.* (citing *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002)).

**a. Kinney's Request for Sanctions Pursuant to Rule 37 Should Be Denied**

Kinney seeks sanctions for the non-disclosure of a witness and documentary evidence pursuant to Rule 37 for violations of Rules 26 and 34. (Doc. No. 149 at 1.) Kinney argues that SWW and Lipton (1) "intentionally concealed" certain documentary evidence showing "direct evidence of the exten[t] of [SWW's] continued use of [] Kinney's intellectual property, acquired by [SWW] through a now-rescinded [LLC] agreement, and [SWW's] continued use of [] Kinney's work-product," and (2) failed to disclose Yogen Sanghani ("Sanghani"), the Executive Vice President of TGIX, as a material witness. (*Id.* at 2.) Kinney alleges that Lipton had the intent to defraud him. He relies on Judge McMahon's prior finding of fraudulent conduct to demonstrate Lipton's bad faith in producing the documents and the witness. (*Id.* at 2, 6.)

TGIX is a non-party and was the company contracted by SWW to rework Kinney's work product. (Doc. Nos. 119, 149.) Kinney alleges that SWW disclosed the "wrong" TGIX witness, Moses Merchant ("Merchant"), in "an apparent attempt to misdirect, or establish a false appearance of good-faith." (Doc. No. 149 at 5-6.)

The documents Kinney alleges were not produced by SWW include two emails sent from TGIX to Lipton on April 23 and July 27, 2015, regarding SWW's technology silos. (Doc. Nos. 149, 161.) These technology silos depict the architecture of the software before and after Kinney left the company. (Doc. No. 149 at 4-5.) Kinney alleges "[t]hese documents and emails include the analysis of [SWW] technology by a third-party … and evidence (directly from the party

responsible) that this technology, to this day, is largely based upon [] Kinney's work product." (Doc. No. 149 at 3.) Kinney argues that these documents were requested during discovery and SWW had a duty to produce and supplement its disclosures with these documents. (*Id.* at 6-7.)

In response to Kinney's allegations, SWW argues that Kinney does not provide any substantive proof or evidence that Lipton intentionally "secreted or destroyed" the documents, or that SWW's counsel or Lipton purposely did not disclose Sanghani as a witness. (Doc. No. 154 at 4.) In regard to the documents, Lipton states that "[t]he email records were searched using search functions built into the email program, which is why so many documents were found and produced." (Doc. No. 157 at 2.) He further states that he "did not even read the documents because there were so many of them," and "therefore, [it would] have been impossible for [him] to cull these specific documents – or any others, for that matter – from the production, and [that he] did no such thing." *Id.*

SWW argues that Sanghani was not disclosed as a witness because counsel "had no knowledge of [] Sanghani" prior to Kinney's motion. (Doc. No. 155 at 3.) Instead, SWW disclosed Merchant as a witness because he "could support [SWW's] case" and SWW "knew that [Merchant] had knowledge" of "Kinney's hijacking of [SWW's] websites." (*Id.* at 2-3.) Lipton's submission did not address the non-disclosure of Sanghani as a witness. (Doc. No. 157.) SWW, however, argued that "there is no basis to believe that [] Kinney could not have discovered whatever relevant knowledge [] Sanghani had," and that Kinney could have made a diligent effort during discovery to find out more about TGIX's relationship with SWW. (Doc. No. 155 at 3-4.) SWW also argues that Kinney "undoubtedly knew of Sanghani, given that TGIX is a small enterprise with only a few principals." *Id.*

In his reply to SWW's opposition motion, Kinney submits dated and time-stamped emails showing Lipton's receipt of the technology silos from TGIX, suggesting Lipton knew about the emails before SWW's discovery responses were produced. (Doc. No. 161 at 1-2.) Kinney also states that his "only knowledge of TGIX was that they managed the website for [SWW];" not that TGIX was "doing so much more for [SWW]." (*Id.* at 2.) Kinney argues that during Lipton's deposition, Lipton testified that SWW's software was partly "'written by a consultant on 45th Street,' yet [Lipton] would not name them." *Id.*

Kinney has not demonstrated that SWW acted in bad faith and failed to conduct proper searches to identify and produce responsive documents. Nor does Kinney demonstrate that SWW knew about the unproduced documents and failed to supplement. Additionally, pursuant to Rule 26, SWW was not obligated to disclose Sanghani as a witness.

Therefore, I recommend that Kinney's request for sanctions pursuant to Rule 37 be **DENIED.**

**b. Sanctions Pursuant to Rule 60 Are Inappropriate**

Given Kinney's *pro se* status, the undersigned will construe Kinney's motion for Rule 37 sanctions to also incorporate a motion pursuant to Rule 60. "We construe complaints filed by *pro se* litigants liberally and 'interpret them to raise the strongest arguments that they suggest.'" *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). Rule 60 is operative here because Kinney requests relief from a judgment in light of "newly discovered evidence" and fraud. Fed. R. Civ. P. 60(b)(2)-(3).

Assuming the timeliness of Kinney's "motion," Kinney does not meet his burden under Rule 60(b). Not only does Kinney fail to present "highly convincing evidence" but he also does not indicate whether a favorable ruling will "impose an undue hardship" on either party. *Cargill,*

*Inc.*, 2016 WL 1732754, slip op. at *4 (citing *Kotlicky v. United States Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

As for Kinney's allegations of newly discovered evidence, the emails and witness Kinney claims were hidden from him during discovery would not have likely changed the outcome of this case. Kinney argues that this evidence would prove that Kinney's work product continues to be used by SWW. (Doc. No. 149 at 3.) While Judge McMahon noted that "there is no way to assess how much (or how little) of [Kinney's] effort is reflected in the processes on which [Kinney] worked . . . [or] put otherwise, how much [Kinney's] effort has resulted in the unjust enrichment of [SWW] and their investors," (Doc. No. 119 at 15.), she relied on Kinney's testimony which "suggest[ed] that . . . he personally valued his intellectual property at what it would have taken to obtain 12.25% interest in SWW – which is to say, $61,250."[2] (*Id.* at 17.) The findings of fact leading to the award for unjust enrichment were based on the value of work (as estimated by Kinney) when the LLC Agreements were signed. (*Id.* at 2, 17.) The intellectual property Kinney continued to put into SWW was compensated by an employment contract signed on November 1, 2014, and the Court's enforcement of portions that were not yet satisfied by SWW. (*Id.* at 11, 17.) Therefore, additional evidence of the usefulness of Kinney's intellectual property does not contradict Judge McMahon's findings and would not have altered the outcome of this case.

As for Kinney's allegations of fraud, he fails to show "clear and convincing evidence" of misrepresentations and that such misrepresentations "seriously affect[ed] the integrity of the normal process of adjudication." *Cargill, Inc.*, 2016 WL 1732754, slip op. at *4. During trial, evidence is weighed and credibility determinations are made. Kinney does not demonstrate that

[2] Judge McMahon found that Kinney's work had to be "reworked," indicating that Judge McMahon anticipated that Kinney's intellectual property was in use, in some capacity, by SWW. (Doc. No. 119 at 17.)

any of his allegations of fraud "seriously affect[ed]" the proceedings. His allegations therefore do not rise to the level of fraud that Rule 60(b)(3) is intended to provide relief against.

Therefore, I recommend that sanctions pursuant to Rule 60(b) be **DENIED**.[3]

## IV. CONCLUSION

For the foregoing reasons, I recommend that Kinney's motions for sanctions be **DENIED**.

The parties shall have fourteen days (14) from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. *See also* Fed. R. Civ. P. 6(a), (d) (adding three additional days only when service is made under Fed. R. Civ. P. 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to by the parties)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Colleen McMahon, 500 Pearl Street, Room 2550, New York, New York 10007, and to the chambers of the undersigned, Room 1970.

[3] Because I do not recommend the imposition of sanctions, Kinney's request that the Court "pierce the corporate veil" are not addressed herein.

Failure to file timely objections shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); Fed. R. Civ. P. 72, 6(a), 6(d).

**DATED: August 14, 2017**
**New York, New York**

Respectfully Submitted,

**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**